# EXHIBIT A

Case 2024CV009424　　Document 6　　Filed 11-20-2024　　Page 4 of 21

FILED
11-20-2024
Anna Maria Hodges
Clerk of Circuit Court
2024CV009424
Honorable Thomas J.
McAdams-07
Branch 7

STATE OF WISCONSIN, CIRCUIT COURT, MILWAUKEE COUNTY

**AMY BEAN**
3438 N. 57th Street
Milwaukee, WI 53216

    Plaintiff,

and

**ABC HEALTH INSURANCE,**
(a fictitious name to be substituted with
the true name of any legal entity that has
paid for medical expenses for or on behalf
of Plaintiff related to injuries alleged herein)

    Involuntary Plaintiffs,

v.

**SMITH & NEPHEW, INC.**
d/b/a Smith + Nephew
1450 E. Brooks Road
Memphis, TN 38116

and

**COUNTY OF MILWAUKEE**
c/o County Clerk George L. Christenson
901 N. 9th Street, Rm. 105
Milwaukee, WI 53233

and

**DEF MANUFACTURING**
(a fictitious name to be substituted with
the true and correct name of any manufacturer,
distributor or sellor of the component
that injured Plaintiff)

and

**GHI INSURANCE COMPANIES**
(a fictitious name to be substituted with
the true and correct name of any liability insurance

**COMPLAINT**
Case No:
Code No.:　　**30107**
Personal Injury - Other

companies providing coverage for the Defendants
Smith & Nephew, Inc. or
DEF MANUFACTURING, or any of their
owners or agents, when and if ascertained)

      Defendants.

# COMPLAINT

NOW COME the above-named Plaintiff, by her attorneys, Schott, Bublitz & Engel, s.c., and as and for their complaint against the above-named Defendants and Involuntary Plaintiffs, allege and show to the Court as follows:

### PARTIES

1.     The Plaintiff, AMY BEAN, is an adult resident of the City and County of Milwaukee, State of Wisconsin, residing at 3438 N. 57th Street, Milwaukee, WI 53216.

2.     The Involuntary Plaintiff, ABC HEALTH INSURANCE, is a fictitious name for any health insurer licensed to do business in or created by the State of Wisconsin or by the United States, whose name is not presently known by Plaintiffs, but may have paid for medical expenses of the Plaintiff for treatment of the injuries alleged herein, and may have or claim a subrogation interest, and is therefore a proper party hereto pursuant to statute.

3.     Upon information and belief, the Defendant, SMITH & NEPHEW, INC., doing business as SMITH + NEPHEW, (hereinafter "S&N") is a foreign corporation, with principal offices located at and operating out of 1450 E. Brooks Road, Memphis, Tennessee 38116 and with registered agent for service of process listed as C T Corporation System, a professional system of registered agents also known as THE CORPORATION TRUST COMPANY, which has offices all of the United States including in Wisconsin at 301 S. Bedford St., Ste. 100, Madison, WI 53703,

2

in Tennessee of 300 Montvue Road, Knoxville, TN 37919, and in Delaware, the Defendant's state of incorporation, at 1209 Orange St., Wilmington, DE 19801, said Defendant was a manufacturer and seller of the total knee prosthesis that is alleged herein to have failed and injured the Plaintiff AMY BEAN.

4.  Upon information and belief, the Defendant, COUNTY OF MILWAUKEE, hereinafter "the COUNTY", is a county of the State of Wisconsin and governmental entity, with elected clerk George L. Christensen whose role includes the receipt of service of process in legal matters and whose office is located in Room 105 of the Milwaukee County Courthouse, 901 N. 9th Street, Milwaukee, WI 53233; said Defendant provides services to its residents and is also an employer of persons providing those services, and it was as the employer of the Plaintiff AMY BEAN that it became subject to a worker's compensation claim, specifically for a knee injury, which prompted the need for the Plaintiff's left total knee arthroplasty surgery described herein; and when the Plaintiff was injured during that surgery as described in this Complaint, the COUNTY now may be obligated to make payments for disability and medical expenses on behalf of the Plaintiff, AMY BEAN pursuant to the worker's compensation law, and therefore the COUNTY and may have or claim an interest or lien herein pursuant to Wis. Stat. § 102.29 adverse to the Plaintiff's claims for compensation herein, and is therefore a proper party hereto pursuant to statute.

5.  Upon information and belief, the Defendant DEF MANUFACTURING is a fictitious name for a person, persons, company or companies, the true and correct name and identity of which is not presently known to Plaintiff, but when and if ascertained, will be substituted herein pursuant to statute, that was part of the chain of distribution that either made, distributed or sold the product, specifically the total knee prosthetic surgical component alleged herein to have injured Plaintiff

3

that was sold and labeled as a product of the Defendant S&N, and then delivered to the Plaintiff's doctor for implantation in Plaintiff, and said Defendant has a direct interest in the outcome of the action adverse to the Plaintiff, and is therefore a proper party hereto pursuant to statute.

6. Upon information and belief, the Defendant GHI INSURANCE COMPANIES is a fictitious name for an insurance company or companies providing a policy or policies of liability insurance coverage for or on behalf of any of the Defendant S&N or DEF MANUFACTURING or any of its agents, the true and correct name and identity of which is not presently known to the Plaintiff, but when and if ascertained, will be substituted herein pursuant to statute, wherein under the terms of said policy or policies said insurance companies agreed to pay certain amounts for which said Defendants would become liable as a result of injuries occurring on November 22, 2021 and damages caused by any of said Defendants' business activities including but not limited to the sale and manufacture of unreasonably dangerous or defective products or negligence in the performance of any of said Defendants' business duties, and that by reason of said policy or policies, the laws of the State of Wisconsin, and the occurrence described herein, said insurance company or companies have a direct interest in the outcome of the action adverse to the Plaintiffs, and is therefore a proper party hereto pursuant to statute.

## INJURY

7. On November 22, 2021, the Plaintiff AMY BEAN was scheduled for a total left knee arthroplasty with Dr. Alexander Riordan of Blount Orthopaedic Clinic to be performed at the Orthopaedic Hospital of Wisconsin on River Wood Parkway in the City of Glendale, County of Milwaukee, State of Wisconsin; after successful removal of Plaintiff's natural left knee components, Dr. Riordan cemented the Defendant S&N's total knee prosthetic component, S&N

Product no. 71420166 GENESIS II Tibial Base Plate, Size 4, Left (hereinafter referred to as the component) to Ms. Bean's remaining tibia bone, and after the cement hardened and other components were nearly finished being inserted to her femur, Dr. Riordan noticed a small piece of metal protruding from the component that was causing the smooth polyethlene surface of the prosthetic to pop up, a defect uncommon to typical total knee replacements. Attempts at replacing the polyethlene resulted in the same problem of it popping out of place due to the metal protruding from the component, and therefore, with the cement hardened, the only option for Dr. Riordan at that point was to cut out the cemented defective S&N component and additional parts of Ms. Bean's bone and then use some longer prosthetic components to make up the additional amount of Ms. Bean's bone that had to be removed, resulting in a less stable surgery that then led to further surgery and stress fracture of her left tibia four 4 months later in March 2022.

8.　　The defective and faulty S&N component that was initially implanted, but then due to its failure had to be cut out of her left knee, caused Plaintiff AMY BEAN severe bodily injuries including to her left knee and leg, injuries which then led to the need for additional medical care, including another surgery on March 17, 2022 that included inserting a plate and screws to attempt to address a resulting stress fracture of her left tibia at the tip of the failed total knee replacement where the defective component had been explanted; and as a result Plaintiff AMY BEAN has had left knee and leg pain since the initial surgery that continues even after the attempts at revision.

**FIRST CAUSE OF ACTION:**
**NEGLIGENCE AS TO DEFENDANT S&N**

9.　　The Plaintiff re-alleges and incorporates herein by reference as though fully set forth each and every allegation contained in paragraphs 1 through 8 above.

5

10. Upon information and belief, Defendant S&N sold components for total knee arthroplasty surgeries that it knew needed to be used for same and yet by manufacturing and delivering the component as it did to her doctor, said actions put AMY BEAN at an unreasonable risk of harm, specifically an unreasonable risk for the injury she ultimately sustained having the defective S&N component implanted in her body.

11. The Defendant S&N has a duty to avoid creating an unreasonable risk of harm to others including Plaintiff.

12. The Defendant S&N, and its agents, servants and/or employees, were negligent and failed to exercise ordinary or reasonable care in, among other things:

   a. Failing to properly manufacture the component to so as to avoid an unreasonable risk of harm to others including end users of the component like Plaintiff AMY BEAN;

   b. Failing to implement reasonable quality control standards to ensure such defects would not be shipped to doctors implanting the components into patients such as Plaintiff AMY BEAN;

   c. Failing to train its employees in the appropriate identification of manufacturing defects so as to avoid injury to patients it sold components to, such as Plaintiff AMY BEAN;

   d. Failing to warn users of the components, namely the doctors, of potential defects in its components before implantation of same in patients, like Plaintiff AMY BEAN;

   e. Failing to inspect its components before shipping faulty ones that failed in their purpose as a total knee replacement prosthesis, as the component that was implanted in Plaintiff AMY BEAN failed; and

 f. Failing to manufacture the component properly so that it would not have created the problem with seating of the polyethylene base later necessary for the total knee arthroplasty to work and the need for Plaintiff AMY BEAN's doctor to have to cut out same and attempt a revision of the arthroplasty to cut out more of her tibia and causing her injuries.

13. That as a direct and proximate result of the negligence of the Defendant S&N and its agents, servants and/or employees, the Plaintiff AMY BEAN sustained serious personal injuries that are likely permanent in nature, specifically including but not limited to her left knee and left leg; that she has and may in the future incur medical expenses for her care and treatment, has and may in the future incur losses of wages and earnings capacity, and has and may in the future continue to endure pain, suffering, disfigurement, and a diminished capacity to fully enjoy life, all to her past and future damage and harm.

**SECOND CAUSE OF ACTION:**
**STRICT LIABILITY FOR DEFECTIVE PRODUCT MANUFACTURE AS TO S&N**

14. The Plaintiff re-alleges and incorporates herein by reference as though fully set forth, each and every allegation contained in paragraphs 1 through 13 above.

15. The Defendant S&N's component that was implanted into AMY BEAN's left tibia and ultimately led to her injuries described herein, was defective in its manufacture – specifically that the component had a piece of metal sticking out that prevented the proper operation of the rest of the components, and Plaintiff AMY BEAN's left knee joint.

16. The Defendant S&N's component was defective at the time of manufacture as its failure occurred with ordinary, intended, and foreseeable use of the component, as in the circumstances alleged herein.

17. Upon information and belief, the Defendant S&N's component was expected to reach and did reach AMY BEAN in substantially the same condition as it was when first sold by S&N.

18. Upon information and belief, the Defendant S&N at all relevant times hereto was engaged in the business of manufacturing and selling total knee surgery prosthetic components, including at the time of this incident, and still currently continues to sell total knee surgery prosthetics.

19. The Defendant S&N's component as manufactured and assembled by S&N and/or its agents, specifically the component that dislodged the polyethylene surface necessary for movement of the prosthetic knee joint, and which resulted in the procedures that injured Plaintiff AMY BEAN, was unreasonably dangerous for several reasons including but limited to:

   a. Its use was for permanent implantation into the body of another person, such as the Plaintiff, and therefore, in its defective form, would cause the risk of further injury and the likely need for additional surgery to correct;

   b. Despite the component being improperly manufactured, it still maintained a basic appearance of proper function so as not to lead an end user, including surgical technicians, assisting providers or orthopedic surgeons to suspect an issue with its manufacture until after implantation;

   c. The failure of the component is unexpected and not obvious to the end user surgical team as the components are marketed as having passed necessary manufacturing requirements, such as sterilization, to ensure patient safety and provide the impression that they are ready for implantation when delivered, and therefore when defective, they provide the end user surgeon implanting same, and especially the patient having it

8

implanted, no reasonable notice to avoid harm and injury to the patient, such as that which was inflicted on Plaintiff AMY BEAN.

20. The Defendant S&N's defective manufacture of the component was a substantial factor in causing AMY BEAN's injuries when the component failed after it was already cemented to AMY BEAN's left tibia and the only option to fix it was to remove it completely, cutting into AMY BEAN's leg further and cause permanent instability in her left knee as a result.

21. That as a direct and proximate cause of the above-described defective manufacture by the Defendant S&N of its component, the Plaintiff AMY BEAN sustained serious personal injuries that are likely permanent in nature, specifically including but not limited to her left knee and left leg; that she has and may in the future incur medical expenses for her care and treatment, has and may in the future incur losses of wages and earnings capacity, and has and may in the future continue to endure pain, suffering, disfigurement, and a diminished capacity to fully enjoy life, all to her past and future damage and harm.

**THIRD CAUSE OF ACTION:**
**STRICT LIABILITY FOR DEFECTIVE WARNING**
**FOR UNSAFE PRODUCT AS TO S&N**

22. The Plaintiff re-alleges and incorporates herein by reference as though fully set forth, each and every allegation contained in paragraphs 1 through 21 above.

23. The Defendant S&N's product was defective for its lack of warnings including but not limited to the following reasons:

   a. Upon information and belief, there was no warning on Defendant S&N's product to inform doctors that the component could cause the polyethylene layer to pop out of place and lead to malfunction of the joint.

  b. Upon information and belief, there was no warning on its product to inform doctors on how to discern whether the component may be likely to cause the polyethylene layer to pop out before being implanted.

  c. Upon information and belief, the component is sold as having been subjected to quality testing, including additional processes to ensure patient safety such as sterilization, so as to minimize the concern that a doctor is working with a defective part, and therefore, it is less likely for a doctor, much less a patient like Plaintiff AMY BEAN to be able to discover any unsafe condition of the product without a warning to be alerted to same.

  d. Upon information and belief, Defendant S&N's component had no warning or instructions for its customers on how to inspect it to ensure it will function properly once cemented to a patient's bone, which is its intended use.

24. Upon information and belief, the Defendant S&N at all relevant times hereto was engaged in the business of manufacturing and selling total knee surgery prosthetic components, including at the time of this incident, and still currently continues to sell total knee surgery prosthetics.

25. Upon information and belief, Defendant S&N's component was unreasonably dangerous as it was a part that was intended to be permanently cemented to a patient's bone but could be done without it being obvious that a defect in the component could prevent the polyethylene cushion from seating correctly in the prosthetic, and thereby rendering the whole total knee prosthetic assembly useless or essentially useless and requiring additional cutting of bone and tissue, and greater instability to the patient in the future, including the fractures experienced by Plaintiff AMY BEAN following her surgery with the component.

26. Plaintiff AMY BEAN's injury was foreseeable to Defendant S&N as the component had really just the one purpose of being implanted in a patient that would have needed a total knee replacement and it failing in that one purpose would mean, in the least additional surgery and complications for the patient.

27. Defendant S&N's defective warnings (i.e., lack of adequate warnings) were a substantial factor in causing Plaintiff AMY BEAN's injuries.

28. That as a direct and proximate cause of the above-described defective warnings from Defendant S&N, the Plaintiff AMY BEAN sustained serious personal injuries that are likely permanent in nature, specifically including but not limited to her left knee and left leg; that she has and may in the future incur medical expenses for her care and treatment, has and may in the future incur losses of wages and earnings capacity, and has and may in the future continue to endure pain, suffering, disfigurement, and a diminished capacity to fully enjoy life, all to her past and future damage and harm.

### FOURTH CAUSE OF ACTION: NEGLIGENCE AS TO DEFENDANT DEF MANUFACTURING

29. The Plaintiff re-alleges and incorporates herein by reference as though fully set forth each and every allegation contained in paragraphs 1 through 28 above.

30. Upon information and belief, Defendant DEF MANUFACTURING and its employees and agents were contracted with and acted for Defendants S&N in the manufacture, sale and/or distribution of the component that injured Plaintiff AMY BEAN that it knew needed to be used for total knee replacement surgery, and yet by manufacturing, selling and/or distributing the component as the case may be as it did, said actions put Plaintiff AMY BEAN at an unreasonable risk of harm, specifically an unreasonable risk for the injury she ultimately sustained.

31. The Defendant DEF MANUFACTURING has a duty to avoid creating an unreasonable risk of harm to others including Plaintiffs.

32. The Defendant DEF MANUFACTURING, and its agents, servants and/or employees, were negligent and failed to exercise ordinary or reasonable care in, among other things:

   a. Failing to properly manufacture, sell and or distribute the component, as the case may have been, so as to avoid an unreasonable risk of harm to others including end users of the component like Plaintiff AMY BEAN;

   b. Failing to implement reasonable quality control standards to ensure such defects would not be shipped to doctors implanting the components into patients such as Plaintiff AMY BEAN;

   c. Failing to train its employees in the appropriate identification of manufacturing defects so as to avoid injury to patients it sold components to, such as Plaintiff AMY BEAN;

   d. Failing to warn users of the components, namely the doctors, of potential defects in its components before implantation of same in patients, like Plaintiff AMY BEAN;

   e. Failing to inspect its components before shipping faulty ones that failed in their purpose as a total knee replacement prosthesis, as the component that was implanted in Plaintiff AMY BEAN failed; and

   f. Failing to manufacture the component properly so that it would not have created the problem with seating of the polyethylene base later necessary for the total knee arthroplasty to work and the need for Plaintiff AMY BEAN's doctor to have to cut out same and attempt a revision of the arthroplasty to cut out more of her tibia and causing her injuries.

12

33. That as a direct and proximate result of the negligence of the Defendant DEF MANUFACTURING and its agents, servants and/or employees, the Plaintiff AMY BEAN sustained serious personal injuries that are likely permanent in nature, specifically including but not limited to her left knee and left leg; that she has and may in the future incur medical expenses for her care and treatment, has and may in the future incur losses of wages and earnings capacity, and has and may in the future continue to endure pain, suffering, disfigurement, and a diminished capacity to fully enjoy life, all to her past and future damage and harm.

### FIFTH CAUSE OF ACTION: STRICT LIABILITY FOR DEFECTIVE PRODUCT MANUFACTURE AS TO DEF MANUFACTURING

34. The Plaintiff re-alleges and incorporates herein by reference as though fully set forth, each and every allegation contained in paragraphs 1 through 33 above.

35. The Defendant DEF MANUFACTURING's component that was implanted into AMY BEAN's left tibia and ultimately led to her injuries described herein, was defective in its manufacture – specifically that the component had a piece of metal sticking out that prevented the proper operation of the rest of the components, and Plaintiff AMY BEAN's left knee joint.

36. The Defendant DEF MANUFACTURING's component was defective at the time of its delivery to the Plaintiff's doctors, as its failure occurred with ordinary, intended, and foreseeable use of the component, as in the circumstances alleged herein.

37. Upon information and belief, the Defendant DEF MANUFACTURING's component was expected to reach and did reach AMY BEAN in substantially the same condition as it was handled by DEF MANUFACTURING.

38. Upon information and belief, the Defendant DEF MANUFACTURING's at all relevant times hereto was engaged in the business of manufacturing, distributing and/or selling total knee surgery prosthetic components, including at the time of this incident, and still currently continues to sell total knee surgery prosthetics.

39. The Defendant S DEF MANUFACTURING's component as manufactured, distributed and/or sold by DEF MANUFACTURING and/or its agents, specifically the component that dislodged the polyethylene surface necessary for movement of the prosthetic knee joint, and which resulted in the procedures that injured Plaintiff AMY BEAN, was unreasonably dangerous for several reasons including but limited to:

   a. Its use was for permanent implantation into the body of another person, such as the Plaintiff, and therefore, in its defective form, would cause the risk of further injury and the likely need for additional surgery to correct;

   b. Despite the component being improperly manufactured, it still maintained a basic appearance of proper function so as not to lead an end user, including surgical technicians, assisting providers or orthopedic surgeons to suspect an issue with its manufacture until after implantation;

   c. The failure of the component is unexpected and not obvious to the end user surgical team as the components are marketed as having passed necessary manufacturing requirements, such as sterilization, to ensure patient safety and provide the impression that they are ready for implantation when delivered, and therefore when defective, they provide the end user surgeon implanting same, and especially the patient having it

14

implanted, no reasonable notice to avoid harm and injury to the patient, such as that which was inflicted on Plaintiff AMY BEAN.

40. The Defendant DEF MANUFACTURING's defective component was a substantial factor in causing AMY BEAN's injuries when the component failed after it was already cemented to AMY BEAN's left tibia and the only option to fix it was to remove it completely, cutting into AMY BEAN's leg further and cause permanent instability in her left knee as a result.

41. That as a direct and proximate cause of the above-described defective manufacture, distribution, and/or sale by the Defendant DEF MANUFACTURING of its component, the Plaintiff AMY BEAN sustained serious personal injuries that are likely permanent in nature, specifically including but not limited to her left knee and left leg; that she has and may in the future incur medical expenses for her care and treatment, has and may in the future incur losses of wages and earnings capacity, and has and may in the future continue to endure pain, suffering, disfigurement, and a diminished capacity to fully enjoy life, all to her past and future damage and harm.

### SIXTH CAUSE OF ACTION:
### STRICT LIABILITY FOR DEFECTIVE WARNING
### FOR UNSAFE PRODUCT AS TO DEF MANUFACTURING

42. The Plaintiff re-alleges and incorporates herein by reference as though fully set forth, each and every allegation contained in paragraphs 1 through 41 above.

43. The Defendant DEF MANUFACTURING's product was defective for its lack of warnings including but not limited to the following reasons:

15

    e. Upon information and belief, there was no warning on Defendant DEF MANUFACTURING's product to inform doctors that the component could cause the polyethylene layer to pop out of place and lead to malfunction of the joint.

    f. Upon information and belief, there was no warning on its product to inform doctors on how to discern whether the component may be likely to cause the polyethylene layer to pop out before being implanted.

    g. Upon information and belief, the component is sold as having been subjected to quality testing, including additional processes to ensure patient safety such as sterilization, so as to minimize the concern that a doctor is working with a defective part, and therefore, it is less likely for a doctor, much less a patient like Plaintiff AMY BEAN to be able to discover any unsafe condition of the product without a warning to be alerted to same.

    h. Upon information and belief, Defendant DEF MANUFACTURING's component had no warning or instructions for its customers on how to inspect it to ensure it will function properly once cemented to a patient's bone, which is its intended use.

44. Upon information and belief, the Defendant DEF MANUFACTURING at all relevant times hereto was engaged in the business of manufacturing, distributing and/or selling total knee surgery prosthetic components, including at the time of this incident, and still currently continues to sell total knee surgery prosthetics.

45. Upon information and belief, Defendant DEF MANUFACTURING's component was unreasonably dangerous as it was a part that was intended to be permanently cemented to a patient's bone but could be done without it being obvious that a defect in the component could prevent the polyethylene cushion from seating correctly in the prosthetic, and thereby rendering

16

the whole total knee prosthetic assembly useless or essentially useless and requiring additional cutting of bone and tissue, and greater instability to the patient in the future, including the fractures experienced by Plaintiff AMY BEAN following her surgery with the component.

46. Plaintiff AMY BEAN's injury was foreseeable to Defendant DEF MANUFACTURING as the component had really just the one purpose of being implanted in a patient that would have needed a total knee replacement and it failing in that one purpose would mean, in the least, additional surgery and complications for the patient.

47. Defendant DEF MANUFACTURING's defective warnings (i.e., lack of adequate warnings) were a substantial factor in causing Plaintiff AMY BEAN's injuries.

48. That as a direct and proximate cause of the above-described defective warnings from Defendant DEF MANUFACTURING, the Plaintiff AMY BEAN sustained serious personal injuries that are likely permanent in nature, specifically including but not limited to her left knee and left leg; that she has and may in the future incur medical expenses for her care and treatment, has and may in the future incur losses of wages and earnings capacity, and has and may in the future continue to endure pain, suffering, disfigurement, and a diminished capacity to fully enjoy life, all to her past and future damage and harm.

WHEREFORE the Plaintiff herein demands judgment against each Defendant and Involuntary Plaintiff, as follows:

    A. Damages for Plaintiff AMY BEAN's past medical expenses and for all of the Plaintiff AMY BEAN's future medical expenses caused by each of the Defendants' above-described actions;

B. Damages for past, present and future loss of wages and earning capacity in an amount to be determined by a jury;

C. Damages for past, present and future pain and suffering and loss in an amount to be determined by the jury;

D. Declaratory judgment that the Defendant COUNTY OF MILWAUKEE does not have an interest in this matter;

E. Statutory costs and attorney fees; and

F. Such further relief as the Court deems fair and equitable, including punitive damages, if applicable.

**PLAINTIFFS HEREBY DEMAND THAT THE ABOVE-ENTITLED**

**ACTION BY TRIED BY A JURY OF SIX (6) PERSONS**

Dated this 20th day of November, 2024.

Respectfully submitted,
SCHOTT, BUBLITZ & ENGEL s.c.
Attorneys for Plaintiff

**Mailing Address:**
640 W. Moreland Boulevard
Waukesha, WI 53188
(262) 827-1700
(262) 827-1701-Fax

*/s/ Electronically signed by Raymond H. LaBarge*
Raymond H. LaBarge
State Bar #: 1075438
rlabarge@sbe-law.com