UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMY BEAN,

        Plaintiff,

        v.        Case No. 25-C-184

SMITH & NEPHEW INC, et al.,

        Defendants.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND

    Plaintiff Amy Bean originally filed this personal injury action in the Circuit Court for Milwaukee County. Bean seeks damages for injuries sustained as a result of a failed total knee replacement that she underwent following a work-related injury. Bean's complaint asserts claims for negligence and strict product liability on behalf of herself and ABC Health Insurance, a fictional insurance company that may have paid a portion of her medical expenses, against Smith & Nephew, Inc., the seller of the medical device that allegedly failed. The complaint asserts the same claims against DEF Manufacturing, the fictional company that manufactured the device. Also named as defendants are GHI Insurance, a fictional liability insurer for Smith & Nephew and DEF Manufacturing, and Milwaukee County, Bean's employer at the time of the work-related injury that necessitated the failed knee replacement. The complaint alleges that as Bean's employer, the County is liable for her worker's compensation claim under state law and may claim an interest in or lien against any recovery she may obtain on her claims against the seller and manufacturer of the device. Although Bean does not assert a claim against the County, her prayer

for relief includes a request for declaratory judgment that the County does not have an interest in this matter. Compl. at 19, Dkt. No. 1-1.

On February 6, 2025, Smith & Nephew filed a timely Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). The Notice of Removal noted that Bean is a citizen of the State of Wisconsin and Smith & Nephew is a citizen of the States of Delaware (the State of its incorporation) and Tennessee (the State where its principal place of business is located). Under 28 U.S.C. § 1441(b), the citizenship of the fictious defendants is disregarded, leaving only Milwaukee County as a non-diverse defendant. Smith & Nephew alleged that because the County was not properly joined, its citizenship should also be disregarded, resulting in the complete diversity required under § 1332(a). Because the amount in controversy was clearly in excess of $75,000, Smith & Nephew asserted the case was properly removable.

On March 7, 2025, Bean filed a motion to remand the action to state court. Dkt. No. 13. Bean asserts that remand is necessary for two independent reasons. First, she argues that her claims arise under Wisconsin's worker's compensation laws such that removal is barred by 28 U.S.C. § 1445(c). In the alternative, Bean argues that Milwaukee County was not fraudulently joined and is a properly named defendant. The complete diversity required for federal jurisdiction under § 1332(a) therefore does not exist, she contends, because she and the County are both citizens of the State of Wisconsin. The County takes no position on Bean's motion to remand but asks the court to realign it as an involuntary plaintiff should Bean's motion be denied. Dkt. No. 16 at 1.

Section 1445 limits the ability of a defendant to remove an action brought in state court under 28 U.S.C. § 1441(a). *Lingle v. Norge Div. of Magic Chef, Inc.*, 823 F.2d 1031, 1038 (7th Cir. 1987), *rev'd on other grounds*, 486 U.S. 399 (1988). Specifically, § 1445(c) provides that

2

"[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." As the Seventh Circuit has summarized:

> Section 1445(c) was passed to help ease the burden on the federal court dockets. Congress apparently felt that removal of state worker's compensation claims to federal court would nullify the expeditious and inexpensive procedures that the states had set up. It was Congress' intent that the workman have the option to file his case in either the Federal or the State court. If he files in State court it is not removable to the Federal court.

*Id.* (cleaned up). In short, § 1445 further limits the jurisdiction of the federal courts—which are fundamentally courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Bean's action does not arise under the State's worker's compensation law. She claims that she severely injured her knee while employed by Milwaukee County, necessitating a total knee replacement. As a result, Bean does have a worker's compensation claim against Milwaukee County pursuant to Chapter 102 of the Wisconsin Statutes. But this lawsuit is not for recovery of medical expenses or disability under the State's worker's compensation law. Bean's claims in this case are for damages arising out of the failure of a medical device allegedly sold by Smith & Nephew that was used to replace her knee. Bean alleges in this case that Smith & Nephew is liable under the common law of Wisconsin as the seller of the negligently designed and/or defective medical device. Thus, her claims do not arise under the State's worker's compensation law.

To the extent that the damages Bean recovers against Smith & Nephew, if any, are for losses for which she has been or will be reimbursed by Milwaukee County pursuant to the State's worker's compensation law, Milwaukee County is entitled to share in Bean's recovery or bring its own action against Smith & Nephew. Under section 102.29(b) of the Wisconsin Statutes, the employer, or its worker's compensation insurer, is entitled to recover from a third party tortfeasor

3

all of the payments it is required to make under the chapter, less reasonable costs of collection, after payment of the first third to the injured claimant. Wis. Stat. § 102.29(b). It is for this reason that Milwaukee County asks that it be realigned as an involuntary plaintiff if it remains in the case. The County's request is reasonable.

Though a plaintiff is the "master of her complaint," *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 38 n.8 (2025), "[a] federal court is not bound by the way the plaintiff formally aligns the parties in his or her original pleading" for purposes of determining whether complete diversity exists, 13E CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3607 (3d ed. 2025). "Where jurisdiction is based on diversity of citizenship, the court may ascertain whether the alignment of the parties as plaintiff and defendant conforms with their true interests in the litigation." *Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981) (citing *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63 (1941)). "In conducting its inquiry, the court may look beyond the pleadings and consider the nature of the dispute in order to assess the parties' real interests." *Id.* (citing *Green v. Green*, 218 F.2d 130 (7th Cir. 1954)). Considering the nature of the dispute, realignment is appropriate here.

"Wisconsin's statutory worker's compensation scheme clearly provides that whatever differences there may be between worker and insurer, their interests are precisely aligned when it comes to prosecuting claims against potential tortfeasors who caused the employee's injury." *Lund v. Universal Furniture Indus., Inc.*, No. 07-C-237-S, 2007 WL 5595963, at *1 (W.D. Wis. June 11, 2007) (denying plaintiff's motion to realign worker's compensation carrier, named as involuntary plaintiff, as defendant so as to defeat diversity and remand case to state court). As the court explained in *Lund*, "[i]t is irrelevant that plaintiff Lund and her workers compensation carrier may have a coverage dispute in a different forum. The issue for jurisdictional purposes is whether

plaintiffs' interests are aligned in the present action. [The insurer's] only interest in the present action is maximizing its subrogation recovery." *Id.*; *see also Krause v. Wal-Mart Stores, Inc.*, No. 19-cv-786-jdp, 2019 WL 5310680, at *1 (W.D. Wis. Oct. 10, 2019) (same).

Bean's request for a "[d]eclaratory judgment that the Defendant County of Milwaukee does not have an interest in this matter" does not change this analysis. Compl. at 19. If Bean recovers damages from Smith & Nephew for some or all of the same losses for which she is paid by Milwaukee County under the State's worker's compensation law, then Milwaukee County will certainly have an interest in her recovery as defined by section 102.29(b). Asking for a declaratory judgment stating the opposite is a nullity. Any conflict between Bean and Milwaukee County is contingent upon obtaining a recovery from Smith & Nephew and is in the nature of a cross-claim that is only speculative at this point. It is not enough to defeat federal jurisdiction.

Milwaukee County is therefore realigned as an involuntary plaintiff, and Bean's motion to remand the case to the Circuit Court for Milwaukee County (Dkt. No. 13) is **DENIED**. The Clerk is directed to set this matter on the court's calendar for a Rule 16 Telephone Scheduling Conference.

**SO ORDERED** at Green Bay, Wisconsin this 2nd day of June, 2025.

_____
William C. Griesbach
United States District Judge

5

Case 2:25-cv-00184-WCG   Filed 06/02/25   Page 5 of 5   Document 18