UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMY BEAN,

          Plaintiff,

  and

ABC HEALTH INSURANCE and
COUNTY OF MILWAUKEE,

          Involuntary Plaintiffs,

     v.                                     Case No. 25-C-184

SMITH & NEPHEW INC., et al.,

          Defendants.

## ORDER GRANTING MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b) AND DENYING REQUEST FOR STAY

      Plaintiff Amy Bean originally filed this product liability action in the Circuit Court for Milwaukee County seeking damages against Smith & Nephew, Inc., the seller of the allegedly defective medical device used in her failed knee replacement surgery. In addition to Smith & Nephew, the complaint also named a fictional manufacturing company, their fictional insurance companies, and Milwaukee County, Bean's employer and self-insured worker's compensation carrier. The complaint alleges that the County "may be obligated to make payments for disability and medical expenses . . . pursuant to the worker's compensation law, and therefore the County may have or claim an interest or lien herein pursuant to Wis. Stat. § 102.29 adverse to the Plaintiff's claims for compensation herein . . . ." Compl. ¶ 4, Dkt. No. 1-1. The only relief sought

against the County is a declaration that the County does not have an interest in this matter. *Id.* at 18–19.

On February 6, 2025, Smith & Nephew removed the action to federal court alleging jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship of properly joined parties. Plaintiff moved to remand, arguing both that the action was a non-removable worker's compensation action within the meaning of 28 U.S.C. § 1445(c) and that complete diversity did not exist, as the County was properly joined as a defendant. The court denied Plaintiff's motion in a decision and order entered on June 2, 2025. Dkt. No. 18. On June 12, Plaintiff timely requested that the court certify the question of whether her claim arose under Wisconsin's worker's compensation law for immediate appeal. The court directed Plaintiff to file a formal motion and Plaintiff has now done so, along with a motion to stay further proceedings pending the Court of Appeals' determination whether to accept jurisdiction. Dkt. No. 26. For the reasons that follow, Plaintiff's motion to certify will be granted but her request for a stay will be denied.

Plaintiff moves this court pursuant to 28 U.S.C. § 1292(b), which states that, "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." There are four criteria guiding a district court's decision whether to certify such an appeal: "there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). Such a motion must be filed "within a reasonable time after the order sought

2

to be appealed." *Id.* at 675–76 (citing *Richardson Elec., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000)).

Under 28 U.S.C. § 1445(c), defendants cannot remove to federal court actions arising under state worker's compensation laws. 28 U.S.C. § 1445(c) ("A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."). This court denied Plaintiff's motion to remand because, contrary to her assertions, her claims do not arise under the State's worker's compensation laws. Dkt. No. 18 at 3. As explained in the court's order, while she may have injured her knee while employed by Milwaukee County and have a worker's compensation claim against it, her claims in this action are for damages arising out of the failure of a medical device used to replace her knee—claims that arise out of the common law of tort. *Id.* The court also granted Milwaukee County's request to be realigned as an involuntary plaintiff, since, under Wis. Stat. § 102.29(b), it would be entitled to share in any recovery that Plaintiff may receive from Defendants. *Id.* at 3–5.

Plaintiff first argues the court's invocation of Wis. Stat. § 102.29(b) to realign the parties for purposes of diversity jurisdiction shows that this case "arises under" the Wisconsin Worker's Compensation Act. Dkt. No. 26 at 3. The court only realigned the parties because it applied Wisconsin's laws. Further, Wisconsin's worker's compensation laws are the "sole reason why the County is joined in this litigation" and will continue to affect the course of this litigation. *Id.* at 4.

Plaintiff then argues that federal and state courts in Wisconsin disagree on whether third-party liability claims under Wis. Stat. § 102.29 "arise under" the Wisconsin Worker's Compensation Act. *Id.* at 5. In support of this contention, Plaintiff points to *Adams v. Northland Equipment Co.*, in which the Wisconsin Supreme Court held that "[t]he statutory directive that the right to bring and prosecute third party tort claims is shared leads us to the conclusion that Wis.

3

Stat. § 102.29 created a new type of claim the nature of which is controlled by the statute, not by common law." 2014 WI 79, ¶ 38, 356 Wis. 2d 529, 850 N.W.2d 272. Plaintiff argues that this court's reliance on *Lund v. Universal Furniture Industries, Inc.* was improper given *Adams*' different, binding, and more recent holding on the state law issue. Dkt. No. 26 at 6 (citing Dkt. No. 18 at 4–5 (citing *Lund*, No. 07-C-237-S, 2007 WL 5595963, at *1 (W.D. Wis. June 11, 2007))). Plaintiff's argument can be restated as a simple syllogism:

> Premise #1: Section 1445(c) bars removal of "a civil action in any State court arising under the workmen's compensation laws of such State."
>
> Premise #2: The Wisconsin Supreme Court held in *Adams* that a worker compensation claimant's action in tort against a third party for a work-related injury arises under Wisconsin's worker's compensation law.
>
> Conclusion: A worker compensation claimant's action in tort against a third party for a work-related injury is not removable to federal court.

The defect in this argument lies in the assumption underlying premise #2 that whether a claim "arises under the workmen's compensation laws of such State" is determined by state law. That assumption was firmly rejected by the Seventh Circuit in *Spearman v. Exxon Coal USA, Inc.*:

> That federal law supplies the definition of "workmen's compensation laws" is beyond doubt. *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 705 (1972); *Standard Oil Co. v. Johnson*, 316 U.S. 481, 483 (1942); *Burda v. M. Ecker Co.*, 954 F.2d 434, 437 (7th Cir.1992). A state could not prevent removal of ordinary tort cases by calling its common law of torts a "workmen's compensation law."

16 F.3d 722, 724 (7th Cir. 1994). Because the removal statutes are intended to have uniform nationwide application, they must be construed as setting up their own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts. *Grubbs*, 405 U.S. at 705.

In construing § 1445(c), the courts have looked to what Congress would have understood the term "workmen's compensation laws" to mean in 1958, the year in which Congress enacted

4

§ 1445(c). *Spearman*, 16 F.3d at 724; *Arthur v. E.I. DuPont de Nemours & Co.*, 58 F.3d 121, 125 (4th Cir. 1995). The prevailing understanding of worker's compensation laws at the time was "liability without fault (and with limited recovery) for injuries in the course of employment." *Spearman*, 16 F.3d at 724; *see also Arthur*, 58 F.3d at 125. In this case, Plaintiff's claim is for tort damages for an injury caused by an allegedly defective product sold by Smith & Nephew. "A fault-based regime with common law damages is not a 'workmen's compensation law' no matter what the state calls it." *Spearman*, 16 F.3d at 725.

This court applied this reasoning to a similar set of facts in *Houston v. Newark Boxboard Co.*, 597 F. Supp. 989 (E.D. Wis. 1984). In that case, plaintiff was allegedly injured at work by a negligently manufactured laminating machine. The plaintiff filed suit in state court against the third-party manufacturer of the machine, his employer, and the employer's worker's compensation carrier. The third-party manufacturer removed the case to federal court, and the plaintiff and remaining defendants moved to remand, arguing that the case was non-removable under § 1445(c) because it arose under Wis. Stat. § 102.29. In rejecting the plaintiff's argument, the court explained:

> While § 102.29 may regulate the prosecution of the plaintiff's claims, those claims do not "arise under" the state workmen's compensation laws, but rather under the common law of tort. The proper construction of "arising under" for purposes of 28 U.S.C. § 1445(c) is indicated by the Supreme Court's interpretation of 28 U.S.C. § 1441, where the same words occur: "The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." *Gully v. First National Bank*, 299 U.S. 109, 112 (1936). In the case at bar, construction of the state workmen's compensation laws will play no role in determining whether the plaintiff will prevail.

*Id.* at 991.

The Northern District of Indiana reached the same conclusion in *Hartford v. Schindler Elevator Corp.*, No. 09-CV-132, 2009 WL 3246670 (N.D. Ind. Oct. 6, 2009). In that case, a

5

hospital employee was seriously injured after falling in an elevator maintained by the defendants. The worker's compensation carrier for the hospital sued the defendants in state court for faulty maintenance of the elevator to recover payments it had made to the employee for medical treatment and other charges. The defendants removed the case to federal court, asserting federal jurisdiction under 28 U.S.C. § 1332, and the worker's compensation carrier moved to remand, arguing that its claim arose out of the state's worker's compensation law and, thus, removal was barred by 28 U.S.C. § 1445(c). The court rejected the insurer's argument, noting that "[t]he determination of whether a cause of action arises under a state's worker's compensation laws, for purposes of applying section 1445(c), is governed by federal law." *Id.* at *2 (citing *Grubbs*, 405 U.S. at 705). Citing the Seventh Circuit's decision in *Spearman* and the Fourth Circuit's decision in *Arthur*, the court also noted that "a state cannot prevent removal of ordinary tort cases by calling its common-law torts a 'workers' compensation law.'" *Id.* (citing 16 F.3d at 724; 58 F.3d at 125). Applying the principles from these and other cases within the circuit, including *Houston*, the court concluded "it is clear that while Plaintiff's subrogation claim against a third-party tortfeasor for monies paid to an injured employee on behalf of its insured touches on Indiana worker's compensation law, it does not arise under those laws for the purposes of applying 28 U.S.C. section 1445(c)." *Id.* at *3.

  Based upon this authority, the court remains convinced that Plaintiff's motion to remand should be denied. At the same time, the court also recognizes that the Wisconsin Supreme Court's decision in *Adams* has construed Wis. Stat. § 102.29 in a way that substantially changes the meaning it was understood to have at the time *Houston* was decided. It is also substantially different than the worker's compensation laws in other states that have addressed this issue. *Adams* seems to have held that Wis. Stat. § 102.29 abolished common law tort claims against third-party tortfeasors by injured worker's compensation claimants and substituted in their place a statutory

6

"shared claim" in which "an employee and a compensation insurer have 'the same right to make claim' and 'an equal voice in the prosecution of the claim.'" 356 Wis. 2d 529, ¶ 34. In the words of the court, "[t]he statutory directive that the right to bring and prosecute third party tort claims is shared leads us to the conclusion that Wis. Stat. § 102.29 created a new type of claim the nature of which is controlled by the statute, not by common law." *Id.* at ¶ 38.

Although the meaning of § 1445 is a question of federal law, federal courts are required to apply state law in cases in which their jurisdiction arises under 28 U.S.C. § 1332. *Havoco of Am., Inc. v. Hilco, Inc.*, 799 F.2d 349, 352–53 (7th Cir. 1986) ("As a federal court sitting in diversity, see 28 U.S.C. § 1332, we must apply state law to resolve all substantive questions." (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938))). If Wisconsin has abolished common law tort claims in cases such as this, then it would seem the only law that applies is that State's worker's compensation law. In other words, it can be argued that Wisconsin is not calling a tort claim a worker's compensation law claim; instead, it has abolished common-law tort claims for worker's compensation claimants, notwithstanding the express language of the statute, which states "making of a claim for compensation against an employer or compensation insurer for the injury or death of an employee shall not affect the right of the employee, the employee's personal representative, or other person entitled to bring action to make claim or maintain an action in tort against any other party for such injury or death . . . ." Wis. Stat. § 102.29.

Given the holding of *Adams*, the court believes that the question of whether Plaintiff's claim arises under Wisconsin's worker's compensation law is an issue that meets the criteria for certification under 28 U.S.C. § 1292. It is (in light of *Adams*) a contestable question of law that is controlling over whether this court has jurisdiction, and its resolution will not only speed up resolution but will ensure that any judgment ultimately rendered by this court will not be held void

7

*ab initio*. As Plaintiff notes, if it is ultimately determined that federal jurisdiction does not exist, any verdict reached by a federal jury or judgment entered by the court would be void and of no effect. While the court could avoid this potential result by simply remanding the case to state court in an abundance of caution, this would deprive Smith & Nephew of its claimed right to a federal forum and leave the law governing this issue in an uncertain state. Under these circumstances, the court concludes that Plaintiff's motion to certify the issue for appeal should be granted. Accordingly, the court will certify the following question for immediate appeal pursuant to 28 U.S.C. § 1292(b): Does a tort claim by a worker's compensation claimant against a third-party defendant in Wisconsin arise under the State's worker's compensation law so that removal is barred under 28 U.S.C. § 1445(c)?

As noted, Plaintiff has also moved to stay all proceedings until the Court of Appeals decides whether to accept the appeal and, if the appeal is accepted, until such time as the Court of Appeals decides the issue. Granting a stay at this point, however, would unreasonably delay the discovery in the case and thus its final resolution. The case is not set for trial until March of 2027, and dispositive motions are not due until October 9, 2026. If the Court of Appeals accepts the appeal and overturns this court's determination, the case can proceed to trial in state court without lengthy delay, since the discovery would have been already completed. Under these circumstances, the court declines to stay further proceedings, at least at this point. The issue of a stay can be revisited at a later time if necessary.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to certify a question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and stay further proceedings (Dkt. No. 26) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion to certify a question for appeal is granted, and

the court hereby certifies the following question for immediate appeal: Does a tort claim by a worker's compensation claimant against a third-party defendant in Wisconsin arise under the State's worker's compensation law so that removal is barred under 28 U.S.C. § 1445(c)? Plaintiff's motion to stay further proceedings is denied. Plaintiff is reminded that under § 1292(b) application to the Court of Appeals for acceptance of the appeal must be made within ten days of this order.

**SO ORDERED** at Green Bay, Wisconsin this 17th day of October, 2025.

William C. Griesbach
United States District Judge